Brian T. Shaw, Esq.
**CONSUMER LITIGATION GROUP**
Law Office of Dimitrios Kolovos, LLC
211 West State Street, Suite 204
Media, PA  19063
Tel 610-616-5303
Fax 610-672-1944
Eml: BShaw@ConsumerLitigators.com

Relief sought is less than $150,000.00; this matter is subject to arbitration pursuant to *L. Civ. R.* 201.1.(d)(1)

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID A. HRICZKO, a citizen of New Jersey,<br><br>    Plaintiff,<br><br>    v.<br><br>WORLDWIDE ASSET PURCHASING II, LLC, also known as and doing business as Worldwide Asset Purchasing II, a Nevada Limited Liability Company,<br><br>    and<br><br>NUDELMAN, NUDELMAN & ZIERING, P.C., a New Jersey Professional Corporation, in its individual capacity, and as agent for Worldwide Asset Purchasing, II, LLC<br><br>    and<br><br>XYZ Entities I – X,<br><br>    and<br><br>JOHN DOES I – X, in their individual | DOCKET NO.:<br><br>CIVIL ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

capacities, and as agents for Worldwide Asset Purchasing II, LLC and/or Nudelman, Nudelman & Ziering, P.C. and/or XYZ Entities I – X,

   Defendants.

## PARTIES

1. Plaintiff DAVID A. HRICZKO ("Plaintiff") is a citizen and resident of the State of New Jersey.

2. Defendant WORLDWIDE ASSET PURCHASING II, LLC, also known as and doing business as Worldwide Asset Purchasing II, a Nevada Limited Liability Company (hereinafter "WAP"), is an artificial person and regularly conducts business in the State of New Jersey and is principally located at 9911 Covington Cross Drive, Suite 107, Las Vegas, NV 89144 and has a New Jersey Registered Agent of the Corporation Trust Company and a Registered Address of 820 Bear Tavern Road, West Trenton, New Jersey 08628.

3. Defendant NUDELMAN, NUDELMAN & ZIERING, P.C., a New Jersey Professional Corporation (hereinafter NNZ), in its individual capacity, and as agent for Worldwide Asset Purchasing II, is an artificial person and regularly conducts business in the State of New Jersey and is principally located at 425 Eagle Rock Avenue, Roseland, New Jersey 07068.

4. Upon information and belief, Defendants XYZ Entities I – X ("XYZ Entities"), are unknown artificial persons and regularly conduct business within the State of New Jersey.

5. Defendants JOHN DOES I – X, in their individual capacities, and as agents for Worldwide Asset Purchasing II, LLC and/or Nudelman, Nudelman & Ziering, P.C. and/or XYZ Entities I – X, are natural persons and regularly conduct business in the State of New Jersey.

6. At all times material and relevant hereto, each of the above Defendants acted within the course and scope of their agency with each and every other Defendant and acted to the benefit and furtherance of each other's objectives; accordingly, each of the above Defendants is individually, jointly, severally, and vicariously liable for each other Defendants' acts and/or omissions and resulting damages.

## JURISDICTION AND VENUE

7. Plaintiff repeats the foregoing Paragraphs as if each were reprinted herein below.

8. Subject matter jurisdiction is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337; personal jurisdiction is proper pursuant to N.J. Ct. R. 4:4-4.

9. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the acts, transactions, and occurrences complained of herein occurred in Middlesex County, State of New Jersey.

## FACTUAL ALLEGATIONS

10. Plaintiff repeats the foregoing Paragraphs as if each were reprinted herein below.

11. Upon information and belief, on or before July 15, 2009, WAP purchased a debt allegedly owed by Plaintiff.

12. On or before July 15, 2009, WAP retained NNZ, a debt collection law firm, to collect the alleged debt.

13. On or about July 15, 2009, NNZ on behalf of WAP filed a civil action complaint in the Superior Court of New Jersey, Law Division, Middlesex County, Special Civil part against Plaintiff in an attempt to collect the alleged debt.

14. The complaint demanded the total amount of $6,651.57 which was inclusive of the alleged balance, interest, and attorneys' fees.

15. On or about August 12, 2009, the parties settled the above Civil Action for the amount of $6,758.37 payable in monthly installments of $150.00.

16. Between August 17, 2009 and December 3, 2009, Plaintiff made four (4) payments of $150.00 each.

17. The Defendants accepted all of the payment made by Plaintiff between August 17, 2009, and December 3, 2009.

18. On or about December 14, 2009, Defendants demanded another settlement of the civil action in the form of a written Stipulation of Settlement.

19. Paragraph 1 of the Stipulation of Settlement required payment by Plaintiff in the amount of $6,827.82 payable in monthly installments of $150.00.

20. Paragraph 3 of the Stipulation of Settlement stated, "should the Defendants [Plaintiff herein] default in any payment mentioned above, then and in that event, Plaintiff(s) [Defendant WAP herein] shall be entitled to enter judgment for the full amount demanded in the Complaint or the Settlement amount stated in paragraph 1, filed herein whichever is greater, plus costs, less any payments received in accordance with this Stipulation."

21. Paragraph 3 of the Stipulation of Settlement further stated, "said judgment shall be entered *ex parte* (without notice of the Defendant) upon the presentation of a Certification by the Attorney for Plaintiff setting forth the balance due and owing in accordance with this paragraph."

22. Paragraph 4 provided that if Plaintiff made payment in accordance with the terms of the Settlement, the parties would enter into a Stipulation of

      Dismissal with prejudice and without costs, and same would be filed with the Court.

23. Paragraph 5 of the Stipulation of Settlement required that Plaintiff pay Defendants additional counsel fees in the amount of $150.00 should Defendants be required to apply for a judgment.

24. Upon information and belief, on or about January 5, 2010, Defendant NNZ received the signed Stipulation of Settlement from Plaintiff and sent same to the state court for filing.

25. On or about January 15, 2010, Plaintiff began making payment in accordance with the terms of the Stipulation of Settlement.

26. On or about January 26, 2010, despite the Stipulation of Settlement and Plaintiff's payment in accordance therewith, Defendants sought a judgment from the state court in the amount of $6,977.82, plus costs of $211.56.

27. On or about February 1, 2010, Defendants sent a dunning letter to Plaintiff advising him of the above judgment and requesting him to contact them to set up a payment plan despite the fact that a settlement already existed.

28. Said February 1, 2010 letter demanded $6,977.82 plus costs of $211.56.

29. As a direct and proximate result of Defendants' acts, omissions, and violative conduct, Plaintiff suffered actual damages including economic damages, damages resulting from the improper judgment, and damages to

his credit reputation, credit opportunities, and credit files caused by the Defendants.

## COUNT ONE
### (Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*)

30. Plaintiff repeats the foregoing Paragraphs as if each was reprinted herein below.

31. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

32. Defendants alleged Plaintiff owed a "debt" of a "personal, family, or household" nature as defined by 15 U.S.C. § 1692a(5).

33. Defendants are regularly engaged in the third-party collection of consumer debts and are "debt collector[s]" as defined 15 U.S.C. § 1692a(6).

34. Defendants engaged in "communication[s]" as defined by 15 U.S.C. § 1692a(2).

35. By demanding $6,827.82 in the December 14, 2010 Stipulation of Settlement, Defendants used false, deceptive, and misleading representations and means by falsely representing the amount of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

36. By demanding additional counsel fees of $150.00 in the December 14, 2010 Stipulation of Settlement, Defendants used false, deceptive, and misleading representations and means by falsely representing compensation which may

      be lawfully received by the Defendants in violation of 15 U.S.C. § 1692e(2)(B).

37. By including the $150.00 additional counsel fees in their demand amount in February 1, 2010 dunning letter, Defendants used false, deceptive, and misleading representations and means by falsely representing compensation which may be lawfully received by the Defendants in violation of 15 U.S.C. § 1692e(2)(B).

38. By demanding costs of $211.56 in their February 1, 2010 dunning letter, Defendants used false, deceptive, and misleading representations and means by falsely representing compensation which may be lawfully received by the Defendants in violation of 15 U.S.C. § 1692e(2)(B).

39. By seeking a judgment on or about January 26, 2010, despite the matter having been settled, Defendants took action that could not be legally taken in violation of 15 U.S.C. § 1692e(5).

40. By promising Plaintiff in connection with the December 14, 2010 written Stipulation of Settlement that a judgment would not be taken so long as Plaintiff complied with the payment terms of the Stipulation of Settlement, Defendants used false representation and deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10).

41. By demanding $6,827.82 in the December 14, 2010 Stipulation of Settlement, Defendants attempted to collect an amount or collected an amount that is not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

42. By demanding additional counsel fees of $150.00 in the December 14, 2010 Stipulation of Settlement, Defendants attempted to collect an amount or collected an amount that is not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

43. By including the $150.00 additional counsel fees in their demand amount in February 1, 2010 dunning letter, Defendants attempted to collect an amount or collected an amount that is not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

44. By demanding costs of $211.56 in their February 1, 2010 dunning letter, Defendants attempted to collect an amount or collected an amount that is not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

45. By seeking and obtaining a judgment against Plaintiff despite promises to the contrary in connection with the Stipulation of Settlement, Defendants used unfair and unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

**WHEREFORE**, Plaintiff demands that judgment be entered against the Defendants for actual damages, statutory damages, costs, reasonable attorney's fees, interest, and other relief as may be just and proper.

**Plaintiff demands a trial by jury.**

           BY: s/Brian T. Shaw
              Brian T. Shaw, Esq.
              **CONSUMER LITIGATION GROUP**
              Law Office of Dimitrios Kolovos, LLC
              211 West State Street, Suite 204
              Media, PA  19063
              Tel 610-616-5303
              Fax 610-672-1944
              Eml: BShaw@ConsumerLitigators.com